Filed 12/1/25  P. v. Saldana CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B336034 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. MA037732) |
| v. | |
| EDGAR SALDANA, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Daviann Mitchell, Judge.  Affirmed.

Eric R. Larson, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Wyatt E. Bloomfield, Supervising Deputy Attorney General, and Michael C. Keller, Deputy Attorney General, for Plaintiff and Respondent.

Years ago, defendant and appellant Edgar Saldana (defendant) was sentenced to 40 years to life in prison: 15 years to life for second degree murder and 25 years to life for a firearm enhancement imposed pursuant to Penal Code section 12022.53.[1] More recently, defendant petitioned for resentencing pursuant to section 1172.6 (former section 1170.95). At an evidentiary hearing on the petition, the parties stipulated defendant's murder conviction should be vacated and he should be resentenced as having sustained a conviction for voluntary manslaughter with a personal use of a firearm enhancement (§ 12022.5, subd. (a)) and a gang enhancement (§ 186.22, subd. (b)(1)(C)). In this appeal from the judgment imposed pursuant to that stipulation, defendant asks us to decide whether the gang enhancement should be stricken because our Supreme Court subsequently issued an opinion in *People v. Clark* (2024) 15 Cal.5th 743 concerning the meaning of a legislative amendment to the gang enhancement statute effective years before the evidentiary hearing.

## I. BACKGROUND

### A.    *The Offense Conduct and Criminal Charges*

In 2006, defendant, along with John Parra (Parra) and Fredrick Luna (Luna), arrived at Isaiah Frias's (Frias's) apartment complex and parked in a dirt field where four children were playing. One of the men warned the children to leave. Defendant, Parra, Luna, and Frias were all members of the Crazy Kings Familia (C.K.F.) criminal street gang.

---

[1]    Undesignated statutory references that follow are to the Penal Code.

Luna scaled a wall to enter the apartment complex and called out to Frias while defendant and Parra remained in the dirt field. When Frias exited his apartment, Parra pulled a handgun and fatally shot Frias and defendant fired a shotgun toward the apartment complex.

A gang expert who testified at the joint trial of defendant, Parra, and Luna opined the murder occurred because there was an internal struggle within C.K.F. According to the expert's opinion, defendant, Parra, and Luna sought to punish Frias for trying to split up the gang and to warn other potential dissident members that disloyalty would not be tolerated.

A jury convicted defendant of second degree murder and found true a gang enhancement alleging the crime was gang related within the meaning of section 186.22, subdivision (b)(1). The jury further found defendant personally used and discharged a firearm pursuant to section 12022.53, subdivisions (b) and (c) and a principal personally discharged a firearm that caused great bodily injury or death within the meaning of section 12022.53, subdivisions (d) and (e)(1). On direct appeal, this court affirmed.

B.     *Defendant's Petition for Resentencing*

In 2020, defendant filed a section 1172.6 petition for resentencing. The parties stipulated an order to show cause should issue, and the trial court held an evidentiary hearing in October 2023.

At the evidentiary hearing, defendant argued that the trial court was bound by the jury's failure to find he harbored the requisite mental state for first degree murder and (separately) that insufficient evidence existed to show he was a direct aider and abettor. Defendant acknowledged, however, that "there may

be evidence that some of the people knew there was going to be a gun battle."

The hearing was recessed to a later date for the prosecution's argument, but when the parties returned for the continued hearing, they informed the court that they agreed on a stipulated resolution: the prosecution would concede defendant's murder conviction should be vacated and defendant should be resentenced on a redesignated conviction for voluntary manslaughter with a firearm enhancement pursuant to section 12022.5, subdivision (a) and a gang enhancement pursuant to section 186.22, subdivision (b)(1)(C). The court indicated it would accept the parties' stipulation and amended the information to add the firearm enhancement and two sentencing factors in aggravation, all three of which defendant admitted on the record after an advisement of rights.[2] Pursuant to the stipulation and defendant's admissions, the court resentenced defendant to the upper term of 11 years on the redesignated conviction of

---

[2]     In responding to victim impact statements, the court explained on the record some of its reasons for accepting the stipulated disposition:  "I think this was a disposition that was made that was in the best interest of all parties.  [¶]  Part of that is that the gang allegations nowadays are pretty much wipe[d] out.  Now, [the prosecution] could retry him and they could prove that.  They may not be in the position to be able to; that wipes ten years out right off the get-go.  [¶]  So . . . the reason I've accepted it is it provides security and safety for the public[ ] for 85 percent of those 31 years.  It mitigates the risk of the court finding against the prosecution where he would get a significantly lower sentence.  [¶]  It protects the defendant from taking a risk.  The sentence doesn't change, but for the gang allegation because that would change, potentially.  So that's a reason I accepted it."

4

voluntary manslaughter, the upper term of 10 years for the firearm enhancement, and an additional 10 years for the gang enhancement—adding up to a total of 31 years in prison.

Defendant thereafter noticed an appeal from the newly imposed judgment and requested a certificate of probable cause. As far as the appellate record indicates, no such certificate was issued.

## II. DISCUSSION

Defendant challenges only the imposition of the 10-year gang enhancement that was made a part of his sentence pursuant to the parties' stipulation. He argues the enhancement should be stricken because it was imposed before *Clark*, *supra*, 15 Cal.5th 743 clarified the meaning of language in the gang enhancement statute that requires proof an offender collectively engaged in a pattern of criminal activity. The Attorney General responds defendant is foreclosed from challenging the enhancement without a certificate of probable cause because the stipulation below is tantamount to a plea agreement and, regardless, defendant's stipulation to the disposition obviated any need to present evidence concerning the gang enhancement. For reasons we shall explain, reversal is not required. While a certificate of probable cause is not necessary because the scenario here is different than the normal plea context in which the certificate requirement applies, we hold defendant's stipulation to the sentence imposed—entered into at a time when review had already been granted in *Clark* and the meaning of the gang enhancement statute's collective engagement element was very much a live issue—precludes him from obtaining reversal after the fact.

5

At the time of defendant's trial in 2006, section 186.22 defined "criminal street gang" as "any ongoing organization, association, or group of three or more persons, whether formal or informal, having as one of its primary activities the commission of one or more of the criminal acts enumerated in paragraphs (1) to (25), inclusive, of subdivision (e), having a common name or common identifying sign or symbol, and whose members *individually or collectively engage* in or have engaged in a pattern of criminal gang activity."  (Former § 186.22, subd. (f), italics added.)  To prove "a pattern of criminal gang activity," the prosecution, at the time of defendant's trial, had to show persons associated with C.K.F. had committed at least two offenses from a list of predicate crimes on separate occasions within three years of one another.  (Former § 186.22, subd. (e).)

In 2021, i.e., two years before defendant's resentencing hearing, the Legislature amended section 186.22.  (*Clark, supra,* 15 Cal.5th at 752.)  "[W]hereas section 186.22, former subdivision (f) required only that a gang's members 'individually or collectively engage in' a pattern of criminal activity in order to constitute a 'criminal street gang,' [the statute as amended] requires that any such pattern have been '*collectively* engage[d] in' by members of the gang.  (§ 186.22, subd. (f), italics added.)" (*People v. Tran* (2022) 13 Cal.5th 1169, 1206.)  The amended statute "also narrowed the definition of a 'pattern of criminal activity' by requiring that (1) the last offense used to show a pattern of criminal gang activity occurred within three years of the date that the currently charged offense is alleged to have been committed; (2) the offenses were committed by two or more gang 'members,' as opposed to just 'persons'; (3) the offenses commonly benefitted a criminal street gang; and (4) the offenses

6

establishing a pattern of gang activity must be ones other than the currently charged offense.  (§ 186.22, subd. (e)(1), (2).)"  (*Ibid.*)  Before the section 1172.6 hearing and the parties' stipulation to resentencing, the Courts of Appeal had been split on the meaning of section 186.22's amended collective engagement language.  (*Clark, supra,* at 753-54.)  Review in *Clark* was granted on October 19, 2022—roughly a year before the section 1172.6 hearing.

Notwithstanding the split in authority and the grant of review, and undoubtedly aware of the pertinent amendments to section 186.22, the defense nonetheless stipulated to a new sentence including the gang enhancement term.  That stipulation is binding and forecloses relief.  (See *People v. Castillo* (2010) 49 Cal.4th 145, 172-173 [enforcing a stipulation despite "substantial legal uncertainties" that existed at the time it was negotiated and signed]; *People v. Gurule* (2002) 28 Cal.4th 557, 623 ["[W]hen a party enters into a voluntary stipulation, he generally is precluded from taking an appeal claiming defects in the stipulation"].)  The question is not one of *In re Estrada* (1965) 63 Cal.2d 740 retroactivity or the reserve power of the state to amend the law, as defendant believes, because the pertinent amendments to section 186.22 had taken effect long before the resentencing hearing.  Rather, the question is one of fairness.  Having accepted the stipulated disposition with eyes wide open about the unsettled meaning of section 186.22's amended collective engagement language in order to obtain the prosecution's agreement to refrain from disputing defendant's eligibility for resentencing at all (on the theory that he was a direct aider and abettor), defendant cannot now renege on the deal.

7

DISPOSITION

The trial court's judgment is affirmed.


NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS


BAKER, J.


We concur:



HOFFSTADT, P. J.



MOOR, J.